# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-151** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **OLUFEMI ADIGUN,** | : | |
| | : | |
| **Defendant** | : | |

## **MEMORANDUM**

The court sentenced defendant Olufemi Adigun ("Adigun") to 168 months' imprisonment after a jury convicted him of conspiracy to commit mail and wire fraud, conspiracy to commit money laundering, unlawful monetary transactions, and laundering of monetary instruments. Adigun moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 282). We dismissed all of Adigun's Section 2255 claims except his assertion of ineffective assistance of counsel regarding an alleged plea agreement offer and rejection. After holding an evidentiary hearing, we will deny Adigun's remaining Section 2255 claim.

I.  **Factual Background & Procedural History**

In our first memorandum addressing Adigun's Section 2255 motion, we provided a detailed factual background and procedural history of this case. See United States v. Adigun, No. 1:11-CR-151, 2018 WL 527935, *1-2 (M.D. Pa. Jan. 24, 2018). Familiarity with that history is presumed for purposes of the matter *sub judice*. In our January 2018 opinion, we rejected all of Adigun's Section 2255 claims except his assertion that defense counsel for his second trial—John A. Abom, Esquire ("Attorney Abom")—was constitutionally ineffective for unilaterally

rejecting a pretrial plea agreement offer from the government without first consulting with Adigun. Id. at *4. At that time, we concluded that the merits of the claim could not be decided without first holding an evidentiary hearing. Id. We appointed counsel to represent Adigun and convened an evidentiary hearing on May 30, 2018.[1] The parties have provided supplemental briefing, and Adigun's remaining Section 2255 claim is ripe for disposition.

## II. Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record."

---

[1] Citations to the record include the transcript of the May 30, 2018 evidentiary hearing ("Hr'g Tr.") as well as exhibits introduced by the government ("Gov't Hr'g Ex. __").

2

United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

**III.    Discussion**

The Sixth Amendment's guarantee to effective assistance of counsel applies in the plea-bargaining process. Lafler v. Cooper, 566 U.S. 156, 162 (2012) (citing Missouri v. Frye, 566 U.S. 134 (2012)). A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms and, (2) the deficient representation was prejudicial. See id. at 687-88. The defendant bears the burden of proving both prongs. See id. at 687. Conclusory allegations are insufficient to entitle a defendant to relief under Section 2255. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90).

3

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. As applied to the plea-bargaining process, the defendant must show that "the outcome of the plea process would have been different with competent advice." Lafler, 566 U.S. at 163. The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See Strickland, 466 U.S. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

Review of Adigun's remaining claim begins and ends with Strickland's first prong—whether counsel's performance was deficient. We find that overwhelming record evidence demonstrates that no 33-month (or any other) plea agreement offer ever existed. Because Attorney Abom cannot have performed in an objectively unreasonable manner by failing to consult with Adigun about a nonexistent offer, Adigun's claim for ineffective assistance of counsel must be denied.

At the Section 2255 hearing, Attorney Abom credibly testified that he had never received, discussed, or rejected a 33-month (or any other) plea agreement offer from the government. For example, when asked if he had ever had any plea agreement discussions with Assistant United States Attorney Kim Daniel ("AUSA Daniel") prior to trial, Attorney Abom unequivocally replied, "The answer is no." (Hr'g Tr. at 9:23-10:2). Attorney Abom further explained, "I have no recollection of *any* plea discussions or plea agreements or plea proposals either to me or from me

4

between me and [AUSA Daniel]." (Id. at 10:7-9 (emphasis added)). Attorney Abom also found no evidence of any plea offers or negotiations in his file. (Id. at 10:16-24).

Attorney Jonathan Crisp ("Attorney Crisp")—who represented Adigun during sentencing and direct appeal—also could not recall any discussions of pretrial plea offers or agreements. When asked whether he had any notes or evidence regarding a plea offer in his file or in the files he obtained from Adigun's previous attorneys, Attorney Crisp responded, "I was not able to locate any discussions about any form of a plea or lack of plea or anything along those lines." (Id. at 24:10-25:6). Attorney Crisp also testified that he had "no recollection" of any discussions with Adigun about Attorney Abom unilaterally rejecting a 33-month plea agreement from the government, and did not think any such discussions occurred. (Id. at 28:9-21).

The government also flatly denied that any plea offer was extended to Adigun. In response to interrogatories regarding whether AUSA Daniel discussed a plea agreement with Attorney Abom at any relevant time between the first and second trials, AUSA Daniel swore that he had no recollection of making "*any* plea agreement offer" to Attorney Abom on Adigun's behalf. (Gov't Hr'g Ex. 2 at 1 (emphasis added)). AUSA Daniel further averred that a thorough search of his files and emails performed by the United States Attorney's Office for the Middle District of Pennsylvania yielded no "evidence or indication that any plea agreement offer was *ever* extended to" Adigun through Attorney Abom. (Id. (emphasis added)).

The only contrary evidence adduced during the Section 2255 hearing came from Adigun, either through direct testimony or testimony from his family members

regarding what he had previously told them. Adigun testified that a 33-month plea agreement had been offered around May 2013, but that Attorney Abom unilaterally rejected it without consulting with Adigun because Attorney Abom believed Adigun would not plead guilty to the offenses charged. (Hr'g Tr. at 55:14-57:24). Adigun's sister and mother testified and affirmed their affidavits submitted with Adigun's Section 2255 motion. They averred that, shortly before trial, Adigun told them that Attorney Abom had received and unilaterally rejected a 33-month plea agreement offer. (Id. at 82:6-84:15, 95:3-99:10). We find that the testimony of Adigun and his family members lacks credibility. In particular, the court questioned Adigun's mother repeatedly about whether she had discussed the possibility of pleading guilty with Adigun prior to May 2013, but her responses were elusive and she appeared to feign incomprehension. (Id. at 89:18-93:7).

We conclude that Attorney Abom was not ineffective for Sixth Amendment purposes with respect to the plea-bargaining process. Adigun's claim is supported only by his own self-serving testimony and his family members' testimony recounting comments he made to them, testimony that the court finds incredible. The weight of the evidence instead overwhelmingly establishes the absence of any plea agreement offer. Consequently, we will deny Adigun's final ineffectiveness claim for failure to satisfy the first Strickland prong.

## IV. Conclusion

We will deny Adigun's remaining claim in his motion (Doc. 282) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We will also deny a certificate of appealability, as Adigun has failed to make the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     October 4, 2018